UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| KAIA KHAMISI,<br>　　　　Petitioner, | Case No. 1:20-cv-286 |
| | Black, J. |
| v. | Litkovitz, M.J. |
| SHERIFF JIM NEIL,<br>　　　　Respondent. | **REPORT AND<br>RECOMMENDATION** |

Petitioner, currently on judicial release,[1] has filed a petition for a writ of habeas corpus. Because it appeared from the face of the petition and the Court's review of the status of petitioner's state-court proceedings that the petition was subject to dismissal for failure to exhaust available state-court remedies before applying for federal habeas corpus relief, the Court ordered petitioner, on May 18, 2020, to show cause in writing within **thirty (30) days** why the instant action should not be dismissed without prejudice on the ground that petitioner had not exhausted available state-court remedies. (Doc. 4). Petitioner was informed that failure to respond to the Order within the requisite 30-day period would result in the case being dismissed for want of prosecution. (Doc. 4, at PageID 14).

More than thirty days have passed since the Court entered its May 18, 2020 Order, and petitioner has not responded.

"District courts have the inherent power to sua sponte dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash* R.R., 370 U.S. 626, 630–631 (1962). *See also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Failure of a party to respond to an order of the court warrants

---

[1] *See* Ohio Department of Rehabilitation and Correction website (https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/W101396 (last viewed on June 26, 2020).

invocation of the Court's inherent power. *See* Fed. R. Civ. P. 41(b). Accordingly, this case should be dismissed for plaintiff's failure to comply with the Court's May 18, 2020 Order. *In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

It is therefore **RECOMMENDED** that this matter be **DISMISSED** for want of prosecution.

    **IT IS SO RECOMMENDED.**

Date: 6/29/2020

Karen L. Litkovitz
United States Magistrate Judge

2

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| KAIA KHAMISI,<br>    Petitioner, | Case No. 1:20-cv-286 |
| v. | Black, J.<br>Litkovitz, M.J. |
| SHERIFF JIM NEIL,<br>    Respondent. | **ORDER** |

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).