UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KAIA KHAMISI,  
    Petitioner,

v.

SHERIFF JIM NEIL,  
    Respondent.

Case No. 1:20-cv-286

Black, J.  
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Petitioner, currently on judicial release,[1] has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). On May 18, 2020, the undersigned issued an Order for petitioner to show cause, within thirty (30) days, why this action should not be dismissed without prejudice because petitioner failed to exhaust her available state-court remedies prior to filing the petition. (Doc. 4). The Order noted that the Hamilton County Clerk of Court's online docket indicated that the Ohio Court of Appeals affirmed petitioner's underlying convictions in April 2020 and that petitioner had not sought further review in the Ohio Supreme Court. (*Id.* at PageID 14). On June 30, 2020, more than thirty days after the Order of the Court and after petitioner failed to respond to the Order, the undersigned issued a Report and Recommendation to dismiss this case for want of prosecution. (Doc. 5).

On July 14, 2020, petitioner filed an objection, stating that she did not receive the May 18, 2020 Order. (Doc. 7). According to petitioner, "[h]ad I received the order I would have immediately objected to exhausting available state court remedies concerning a void judgment which lawfully can appropriately be challenged through a writ due to the fact that it has no legal effect within law because the court that rendered the judgment lacked jurisdiction." (*Id.* at

---

[1] *See* Ohio Department of Rehabilitation and Correction website (https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/W101396 (last viewed on July 15, 2020).

PageID 19).  Petitioner indicates that an appeal is pending before the Ohio Supreme Court.  (*See id.* at PageID 20).

Based on petitioner's claim that the May 18, 2020 Order was not received by petitioner, the Court's June 30, 2020 Report and Recommendation (Doc. 5) is **VACATED**.  However, based on petitioner's response to the show cause order and the status of petitioner's state-court proceedings, the petition is subject to dismissal for lack of exhaustion.

The statute governing habeas petitions filed by state prisoners contains an exhaustion requirement.  *See* 28 U.S.C. § 2254(b)-(c).  Specifically, the statute provides that an application for a writ of habeas corpus by a state prisoner shall not be granted unless the petitioner has exhausted his or her state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect petitioner's rights.  28 U.S.C. § 2254(b)(1).  A state defendant with federal constitutional claims is required to first fairly present those claims to the state courts for consideration because of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts.  *See Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971).  Under the "fair presentation" requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," which, in Ohio, includes discretionary review in the Ohio Supreme Court.  *See O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir. 1985).

In this case, the petition should be dismissed without prejudice for lack of exhaustion.  The Ohio Supreme Court online docket indicates that petitioner filed a notice of appeal on June

2, 2020 and her appeal remains pending.[2]  Accordingly, because petitioner failed to exhaust the available state-court remedies prior to filing the instant federal habeas corpus petition, the petition should be dismissed without prejudice for lack of exhaustion.

## IT IS THEREFORE ORDERED THAT:

1. The June 30, 2020 Report and Recommendation (Doc. 5) is **VACATED**.

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's pro se petition for a writ of habeas corpus be **DISMISSED** without prejudice.

2. A certificate of appealability should not issue because, for the foregoing reasons, petitioner has not made a substantial showing of the denial of a constitutional right that is remediable at this juncture in this proceeding.  See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that with respect to any application by petitioner to proceed on appeal *in forma pauperis,* an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis.*  See Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 7/16/2020

Karen L. Litkovitz
United States Magistrate Judge

---

[2] Viewed at http://www.supremecourt.ohio.gov/Clerk/ecms/#/search under case number 2020-0688.  This Court may take judicial notice of court records that are available online to members of the public.  *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).  *See also State v. Khamisi*, Nos. C-180405, C-180424, C-180425, C-180426, C-180433, C-180433, C-180434, 2020 WL 1870264, at *12 (Ohio Ct. App. Apr. 15, 2020) (affirming petitioner's convictions).

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

KAIA KHAMISI,  
    Petitioner,

v.

SHERIFF JIM NEIL,  
    Respondent.

Case No. 1:20-cv-286

Black, J.  
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).