# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| KAIA KHAMISI,<br>    Petitioner, | Case No. 1:20-cv-286 |
| | Black, J. |
| v. | Litkovitz, M.J. |
| SHERIFF JIM NEIL,<br>    Respondent. | **ORDER** |

Petitioner, currently on judicial release,[1] has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). On May 18, 2020, the undersigned issued an Order for petitioner to show cause why this action should not be dismissed without prejudice because petitioner failed to exhaust her available state-court remedies prior to filing the petition within thirty (30) days. (Doc. 4). The Order noted that the Hamilton County Clerk of Court's online docket indicated that the Ohio Court of Appeals affirmed petitioner's underlying convictions in April 2020 and that petitioner had not sought further review in the Ohio Supreme Court. (*Id.* at PageID 14). On June 29, 2020, more than thirty days after the Order of the Court and after petitioner failed to respond to the Order, the undersigned issued a Report and Recommendation to dismiss this case for want of prosecution. (Doc. 5).

On July 14, 2020, petitioner filed an objection, stating that she did not receive the May 18, 2020 Order. (Doc. 6). According to petitioner, "[h]ad I received the order I would have immediately objected to exhausting available state court remedies concerning a void judgment which lawfully can appropriately be challenged through a writ due to the fact that it has no legal effect within law because the court that rendered the judgment lacked jurisdiction." (*Id.* at PageID 19). Petitioner indicated that an appeal was pending before the Ohio Supreme Court. (*See id.* at

---

[1] *See* Ohio Department of Rehabilitation and Correction website:
https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/W101396 (last viewed on September 8, 2020).

PageID 20).

Based on petitioner's claim that the May 18, 2020 Order was not received by petitioner, the Court's June 29, 2020 Report and Recommendation (Doc. 5) was **VACATED** on July 16, 2020. (Doc. 7). However, based on petitioner's response to the show cause order and the status of petitioner's state-court proceedings, it was recommended that the petition be dismissed without prejudice for lack of exhaustion. (*Id*. at PageID 23-24). Thereafter, petitioner filed an objection, indicating that the Ohio Supreme Court had declined to accept jurisdiction over her appeal. (Doc. 8, at PageID 26).

Accordingly, because it appears that petitioner has now exhausted her state-court remedies, the Court's July 16, 2020 Report and Recommendation to dismiss the petition without prejudice for lack of exhaustion (Doc. 7) is hereby **VACATED**.

Upon preliminary consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, the Court finds that it does not plainly appear from the face of the petition and any exhibits attached thereto that the petitioner is not entitled to relief in this Court. Accordingly, it is hereby **ORDERED** that respondent shall file an answer conforming to the requirements of Rule 5 of the Rules Governing § 2254 Cases **within sixty (60) days** of the date of filing of this Order. Specifically, said answer shall respond to each allegation made in the petition, raise any affirmative defense relied on by respondent, and state whether, from respondent's perspective, any claim in the petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations.

Before filing the answer, the respondent shall file those portions of the state court record needed to adjudicate this case. When the record is filed electronically, the Court's CM/ECF filing system will affix a unique PageID number to each page of the record, displayed in the upper right-hand corner of the page. All papers filed in the case thereafter by either party shall

include record references to the PageID number.  Prior to filing the state court record, the respondent's counsel shall ensure that any borders on parts of the record (typically, court reporter transcripts) do not obscure the PageID number when the page is filed.  The record shall be indexed by insertion of "bookmarks" in the .pdf version of the state court record uploaded to the Court's CM/ECF system which display each exhibit and the name of that exhibit in the record.

As required by Fed. R. Civ. P. 5, a complete copy of the answer and state court record with the PageID numbers must be served on petitioner at the time of filing.

Petitioner may, not later than twenty-one days after the answer is filed, file and serve a reply to the answer.

The Clerk is ordered to serve the Petition on Respondent and the Office of the Hamilton County Prosecutor.  This service shall constitute notice to the Hamilton County Prosecutor.

**IT IS SO ORDERED.**

Date: 9/8/2020

Karen L. Litkovitz
United States Magistrate Judge