UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KAIA KHAMISI,
    Petitioner,

vs.

SHERIFF JIM NEIL,
    Respondent.

Case No. 1:20-cv-286

Black, J.
Litkovitz, M.J.

**ORDER AND REPORT
AND RECOMMENDATION**

Petitioner, recently discharged from community control, filed while on judicial release a pro se petition for a writ of habeas corpus (Doc. 1) in this Court.[1]  Petitioner was convicted of tampering with records, theft, and unauthorized use of property (Doc. 27-2, at PageID 2331), and on June 29, 2018, she was sentenced to a total aggregate sentence of one year in the Ohio Department of Corrections (*id*.).  On July 17, 2018, petitioner filed a Motion for Judicial Release. (Doc. 27-3, at PageID 2334).  On August 30, 2018, the trial court granted petitioner judicial release, with special conditions.  (Doc. 27-5, at PageID 2336).  The trial court has since terminated petitioner's community control as successful.  (Doc. 27-6).

In her federal habeas corpus action, petitioner asserts claims pertaining to her state-court criminal trial and convictions, as well as challenges to the constitutionality of her community-release conditions.  (Doc. 1).  The undersigned previously construed the petition to raise the following claims: that (1) the trial court lacked subject matter jurisdiction over petitioner's underlying criminal matter because petitioner was (a) arrested without a warrant or probable cause, (b) denied a preliminary hearing, and (c) denied adequate notice of the charges at issue; and (2) petitioner's community-release conditions are unconstitutional.  Petitioner has since

---

[1]Two of petitioner's codefendants in the underlying criminal proceeding have also filed habeas corpus actions which are pending in this Court.  See *Kimberly Khamisi v. Sheriff Jim Neil*, No. 1:20-cv-00285 (S.D. Ohio); *Ayinde Khamisi v. Sheriff Jim Neil*, No. 1:20-cv-00287 (S.D. Ohio).

clarified her claims concerning the subject matter jurisdiction of the trial court. (*See* Doc. 26). As to her challenge to the imposed community-release conditions, petitioner has also clarified her claim to assert that "the conditions that were unlawfully imposed are interfering with my constitutionally protected rights to petition the courts, enter on to real property, register with any local, state, or federal agencies." (*Id.* at PageID 2319).

This matter is before the Court on the petition (Doc. 1) and various motions filed by the parties (Docs. 12, 13, 16, 17, 20, 28). For the reasons stated below, the Court (1) recommends that the various motions be denied, and (2) orders petitioner to show cause why her claims pertaining to the constitutionality of the special conditions of her since successfully terminated judicial release should not be dismissed without prejudice as moot.

## I. MOTIONS

The following motions are before the Court: respondent's Motion to Dismiss (Doc. 12); petitioner's Motion for Release from Unauthorized Restraining of My Liberty (Doc. 13); respondent's Motion to Strike Petitioner's Judicial Notice Concerning Petition for Writ of Habeas Corpus, Objection to Respondent's Dismissal, and Motion for Release (Doc. 16); petitioner's Motion to Strike Respondent's Reply in Support of Its Motion to Dismiss and Second Response (Doc. 17); petitioner's Motion and Order to Vacate the Void Judgment, per Respondent's Failure to Comply with this Court's Order (Doc. 20); and petitioner's Objection to Unfiled Documents and Improper Respondent, Motion to Vacate Void Judgment, Motion of Contempt, Order of Release, and Memorandum in Support (Doc. 28).[2]

---

[2] Petitioner has also filed a Motion to Object to the Order Extending a 60 Day Extension for Respondent to Comply with the Court's Order (Doc. 19) and an Objection, in Part, to the Order and Memorandum in Support (Doc. 26). To the extent petitioner clarifies her claims in document 26, the Court acknowledges petitioner's clarifications. However, to the extent these submissions contain, respectively, objections to the Court's November 25, 2020 and May 12, 2021 Orders (Docs. 18, 25), these submissions remain pending for consideration by the District Judge. *See* Fed. R. Civ. P. 72(a).

### A. Respondent's Motion to Dismiss (Doc. 12)

Respondent has filed a motion to dismiss, arguing in relevant part that the Hamilton County Sheriff is not the proper respondent. Respondent instead identified the Hamilton County Probation Department as a proper respondent. (Doc. 12, at PageID 49). As the Court previously noted (Doc. 18, at PageID 76), the Court finds the petition sufficient to identify the Hamilton County Probation Department as a respondent to the action. (*See* Doc. 1, at PageID 1). Because respondent has not demonstrated that dismissal is appropriate on the basis that petitioner has failed to identify the proper respondent, the motion to dismiss (Doc. 12) should be **DENIED.**

### B. Petitioner's Motions for Release (Docs. 13, 20, 28)

In documents 13, 20, and 28, petitioner seeks release from custody based on respondent's alleged failure to respond to her petition for habeas corpus relief. In document 28, petitioner also seeks to hold respondent in contempt for failing to respond.

In response to the Court's Orders (*see* Docs. 18, 21, 25), respondent has filed a notice of filing State Court transcripts, briefs, and Orders (Doc. 22), an Answer to Petitioner's Emergency Petition for Writ of Habeas Corpus (Doc. 23), and a second notice of filing state court records (Doc. 27). In light of respondent's filings, petitioner's motions (Docs. 13, 20, and 28) do not serve as a basis to dismiss this action or to hold respondent in contempt and should be **DENIED.**

### C. Motions to Strike (Docs. 16, 17)

In document 16, respondent moves to strike petitioner's Notice Concerning Petition for Writ of Habeas Corpus Filing (Doc. 11), Objection to Respondent's Dismissal (Doc. 14), and Motion for Release from Unauthorized Restraining of My Liberty (Doc. 13). In document 17, petitioner moves to strike respondent's Reply in Support of Its Motion to Dismiss (Doc. 15) and respondent's Motion to Strike (Doc. 16).

The Sixth Circuit has indicated "a strong preference" for cases to be decided on the merits. *Shepard Claims Serv., Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 193-94 (6th Cir. 1986). In light of the Sixth Circuit's strong preference to resolve cases on the merits, the parties' motions to strike (Docs. 16, 17) are not well-taken and should be **DENIED.**

Accordingly, for the reasons stated above, the pending motions in this case (Docs. 12, 13, 16, 17, 20, 28) should be **DENIED**.

## II. ORDER TO SHOW CAUSE

As noted above, in her petition for habeas corpus relief, petitioner challenges her state-court criminal trial and convictions, as well as the constitutionality of the special conditions set forth in the trial court's entry granting petitioner judicial release. (Doc. 1; *see also* Doc. 26, clarifying petitioner's claims). However, as also noted above, since the filing of her petition, the trial court has terminated petitioner's community control as successful. (Doc. 27-6).

"[M]ootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief." *Carras v. Williams,* 807 F.2d 1286, 1289 (6th Cir.1986).[3] As mootness strikes "at the very heart of federal subject matter jurisdiction," the mootness of a habeas petition can be raised sua sponte by the federal court, even if the issue is not addressed by the parties. *Medberry v. Crosby,* 351 F.3d 1049, 1054 n. 3 (11th Cir. 2003). Because the trial court has terminated petitioner's community control as successful, she is no longer subject to the community release conditions at issue in her habeas corpus petition. Thus,

---

[3]"Although both mootness and the 'in custody' requirement of § 2254(d) relate to federal subject-matter jurisdiction they are analytically distinct issues requiring different treatment. . . . Jurisdiction is a matter of satisfying the statutory 'in custody' requirement, which is determined at filing, whereas mootness is a question of whether there is any relief the court can grant once it has determined that it indeed has jurisdiction." *Brooks v. Superior Ct. of Lake Cty.,* No. C 94-0805 BAC, 1994 WL 225037, at *2 (N.D. Cal. May 6, 1994) (internal citations omitted).

unlike petitioner's challenges to her convictions, which may still present a live controversy, her challenges to the constitutionality of the conditions set forth in the trial court's entry granting her judicial release appear to be moot. *See, e.g., Lane v. Williams*, 455 U.S. 624, 631 (1982) ("Nullification of a conviction may have important benefits for a defendant . . . but urging in a habeas corpus proceeding the correction of a sentence already served is another matter.") (quoting *North Carolina v. Rice*, 404 U.S. 244, 248 (1971)).

Accordingly, petitioner is hereby **ORDERED TO SHOW CAUSE** within **thirty (30) days** of the date of this Order why her claims pertaining to the constitutionality of the special conditions of her since successfully terminated judicial release should not be dismissed without prejudice as moot.

**IT IS THEREFORE ORDERED THAT:**

Petitioner **SHOW CAUSE** within **thirty (30) days** of the date of this Order why her claims in her habeas corpus petition pertaining to the constitutionality of the special conditions of her since successfully terminated judicial release should not be dismissed without prejudice as moot.

**IT IS THEREFORE RECOMMENDED THAT:**

The motions before the Court (Docs. 12, 13, 16, 17, 20, 28) be **DENIED.**

\_\_8/2/2021_____        _____
Date        Karen L. Litkovitz
       United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KAIA KHAMISI,
    Petitioner,

vs.

SHERIFF JIM NEIL,
    Respondent.

Case No. 1:20-cv-286

Black, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).