# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| KAIA KHAMISI, | : | Case No. 1:20-cv-286 |
| Petitioner, | : | Judge Timothy S. Black |
| vs. | : | Magistrate Judge Karen L. Litkovitz |
| SHERIFF JIM NEIL, | : | |
| Respondent. | : | |

## DECISION AND ENTRY ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (Doc. 29)

This case is before the Court pursuant to the Order of General Reference to United States Magistrate Judge Karen L. Litkovitz. Pursuant to such reference, the Magistrate Judge reviewed the pleadings filed with this Court and, on August 17, 2021, submitted an Order and Report and Recommendation (the "Report"). (Doc. 29). Petitioner timely submitted an objection to the Report on August 30, 2021. (Doc. 30). Petitioner has also submitted objections to other Orders by the Magistrate Judge. (Docs. 19, 26).

As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all of the filings in this matter. Upon consideration of the foregoing, the Court finds that the Report should be and is hereby adopted in its entirety.

Petitioner's objection (Doc. 30) to the Report is not well-taken. Petitioner spends the majority of her filing discussing why her case should not be dismissed, responding to

the Magistrate Judge's Order to Show Cause.  Petitioner misunderstands that Order to Show Cause.

The Magistrate Judge, when issuing the Order to Show Cause, was <u>not</u> dismissing Petitioner's claims.  Nor was the Magistrate Judge recommending dismissal of any of Petitioner's claims at this time.   Instead, the Magistrate Judge was ordering Petitioner to explain ***why*** her claim related to her conditions of judicial release – and <u>only</u> that claim – was not moot because Petitioner is no longer on judicial release.

This Court further notes that whether the Magistrate Judge's Order to Show Cause is fulfilled by Petitioner's filing is currently within the Magistrate Judge's discretion.  Moreover, the Magistrate Judge has been considering the countless other filings in this case and has not yet submitted a report and recommendation on the merits of the petition, including whether Petitioner's conditions of judicial release claim is moot.  As is standard practice and in accordance with the rules, once such a report is issued and after the parties have been provided the opportunity to object, the undersigned will review, as required, and make any final determination on Petitioner's claims presented before this Court.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).[1]

In this filing, Petitioner also generally states she is "objecting to motion 13, 20, and 28 being denied."  (Doc. 30).  First, the Magistrate Judge did <u>not</u> deny those motions, the Magistrate Judge <u>recommended</u> that this District Judge deny those motions.  Second,

---

[1] It is for these reasons that Petitioner's motion for leave to appeal *in forma pauperis* (Doc. 33) the Magistrate Judge's Order and Report and Recommendation (Doc. 29) is premature. Petitioner's motion is **DENIED without prejudice**.

2

objections to a Magistrate Judge's Report and Recommendation must be specific. "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004).

Accordingly, Petitioner's objection (Doc. 30) to the Report and Recommendation is not well-taken and **overruled**.

Also before the Court are two other objections filed by Petitioner. (Docs. 19, 26). First, Petitioner objects to the Magistrate Judge's Order directing Respondent to answer her petition. (Doc. 18). Petitioner objected, arguing that the continued delay in her case was causing her irreparable harm. (Doc. 19). This objection is not well-taken.

In response to the petition, Respondent filed a motion to dismiss, contending that Petitioner had named the improper party. (Doc. 12). The Magistrate Judge, however, found that the petition was sufficient to identify the proper party. (Doc. 18). Ordering Respondent to answer the petition, if anything, sped up Petitioner's case, rather than delay it by waiting for a final order on the motion to dismiss. Accordingly, this objection (Doc. 19) is **overruled**.

Petitioner also filed an "Objection, In Part, To the Order and Memorandum in Support." (Doc. 26). This is an objection to the Magistrate Judge's description of Petitioner's claims when ordering Respondent to file additional documents from the state-court record. (Doc. 25). Although titled as an "objection," the filing clarifies the nature of Petitioner's claims in this habeas petition. (Doc. 26). When submitting the

Report, the Magistrate Judge recognized Petitioner's claims, as clarified by her in this filing.  Petitioner's "objection" (Doc. 26) is **overruled as moot**.

Accordingly:

1. The Report and Recommendation (Doc. 29) is **ADOPTED** in its entirety.

2. Petitioner's objections (Doc. 30) to the Report are **OVERRULED**.

3. Petitioner's objection (Doc. 19) to the Magistrate Judge's Order granting Respondent 60 days to respond to the Petition is **OVERRULED**.

4. Petitioner's objection (Doc. 26) to the Magistrate Judge's description of her claims is **OVERRULED as moot**.

5. The motions before the Court (Docs. 12, 13, 16, 17, 20, 28) are **DENIED**.

6. Petitioner's motion for leave to appeal (Doc. 33) is **DENIED without prejudice**.

**IT IS SO ORDERED.**

Date:   9/2/2021

_s/Timothy S. Black_
Timothy S. Black
United States District Judge