UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| KAIA KHAMISI, | : | Case No. 1:20-cv-286 |
| | : | |
| Petitioner, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | Magistrate Judge Karen L. Litkovitz |
| | : | |
| SHERIFF JIM NEIL, | : | |
| | : | |
| Respondent. | : | |

**DECISION AND ENTRY**
**ADOPTING THE REPORT AND RECOMMENDATIONS**
**OF THE UNITED STATES MAGISTRATE JUDGE (Doc. 37)**

This case is before the Court pursuant to the Order of General Reference to United States Magistrate Judge Karen L. Litkovitz.  28 U.S.C. § 636(b).  Pursuant to such reference, the Magistrate Judge reviewed the pleadings filed with this Court and, on December 13, 2021, submitted a Report and Recommendations (the "Report").  (Doc. 37).  Petitioner filed objections.  (Doc. 38).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately." *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981) (emphasis added).  "A party's objections are not sufficiently specific if they merely restate the claims made in the initial petition, 'disput[e] the correctness' of a report and recommendation without specifying the findings purportedly in error, or simply 'object[] to the report and recommendation and refer[] to several of the issues in the case.'" *Bradley v. United States*, No. 18-1444, 2018 WL 5084806, at *3 (6th Cir. Sept. 17, 2018) (quoting *Miller v. Currie*, 50 F.3d 373,

380 (6th Cir. 1995)).  In other words, "[t]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object."  *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001).

In her objections, Petitioner recognizes that, to be successful in this habeas petition, her claims must have been adjudicated on the merits in state court proceedings, and "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  (Doc. 38 at 18).  Yet, despite this recognition, Petitioner's objections fail to demonstrate how the state court proceedings resulted in decisions that were contrary to clearly established federal law or based on an unreasonable determination of the facts.  In other words, Petitioner failed to address in her objections how the Magistrate Judge's review of the state court proceedings and analysis under the applicable standard for each of her claims was incorrect.  Indeed, other than a general objection to the Magistrate Judge's Report, Petitioner failed to address any of the Magistrate Judge's analysis.  (Doc. 38 at 1).  Petitioner's contentions fail to constitute the type of "specific written objections" contemplated by Fed. R. Civ. P. 72(b)(2).  Moreover, upon *de novo* review, the Court finds that the Magistrate Judge's Report is thorough, accurate, and well-reasoned.  Accordingly, Petitioner's objections are overruled.

As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all of the filings in this matter.  Upon consideration of the foregoing, the Court finds that the Report and Recommendations should be and is hereby adopted in its entirety.

Accordingly:

1. The Report and Recommendations (Doc. 37) is **ADOPTED**.

2. Petitioner's objections (Doc. 38) are **OVERRULED**.

3. Petitioner's claims pertaining to her state court trial and convictions be **DENIED WITH PREJUDICE** and her claims regarding her community-release conditions be **DISMISSED WITHOUT PREJUDICE** as moot.

4. A certificate of appealability **SHALL NOT** issue with respect to the claims alleged in the petition because petitioner has not stated a "viable claim of the denial of a constitutional right," nor are the issues presented "adequate to deserve encouragement to proceed further."  *See Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).  *See also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

5. The Court **CERTIFIES** that pursuant to 28 U.S.C. § 1915(a)(3), an appeal of this Court's Order would not be taken in good faith and **DENIES** petitioner leave to appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997)

6. The Clerk shall enter judgment accordingly, whereupon this action is **TERMINATED** upon the docket of this Court.

**IT IS SO ORDERED.**

Date:  10/13/2022  

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　*s/Timothy S. Black*  
Timothy S. Black  
United States District Judge